UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| WORICK LAND HOLDINGS, LLC. | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 23-049-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| SCOTT COUNTY RURAL LAND | ) | **MEMORANDUM OPINION** |
| MANAGEMENT BOARD, INC., et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Worick Land Holdings, LLC filed suit under the Federal Quiet Title Act, 28 U.S.C. § 2409a, seeking a declaratory judgment regarding the scope of an easement on its property. However, the Sixth Circuit has determined that the Quiet Title Act only applies in cases in which title to property is disputed. The defendants' motion to dismiss will be granted because title to the property in issue is not disputed in this case.

I.

The Joe M. Davis and Mary C. Davis Family Limited Partnership ("Davis FLP") entered into a Deed of Conservation Easement ("Deed of Easement") in June 2011 under which Davis FLP granted a conservation easement to the Scott County Rural Land Management Board ("SCRLMB") over four separately described parcels of real property that Davis FLP owned in Scott County, Kentucky. Defendants U.S. Department of Agriculture, Natural Resources Conservation Service ("USDA-NRCS") and USDA/FSA Commodity Credit Corporation ("CCC") are not defined as "grantees" in the Deed of Easement; however, they are identified as parties who may have rights of enforcement. Among the conditions

outlined in the Deed of Easement is that "[s]ubdivision of the Protected Property is prohibited." [Record No. 1-1, p. 9]

Worick Land Holdings, LLC ("Worick") purchased the property on or about September 20, 2019, subject to the Deed of Easement. Worick's representatives notified USDA-NRCS in early 2021 of its intention to sell one or more of the parcels to different purchasers. Worick sent another letter to SCRLMB and USDA-NRCS in October 2022, reiterating its intention to sell the property. By response dated November 23, 2022, SCRLMB and USDA-NRCS notified Worick that selling individual parcels of the property to different buyers would be viewed as an impermissible "subdivision" in violation of paragraph 4(j) of the Deed of Easement.

Worick seeks a declaratory judgment through this action that its desired sale or transfer of any of the parcels of property to one or more different buyers or grantees would not result in a "subdivision" prohibited by the Deed of Easement. *See* 28 U.S.C. §§ 2201, 2409a.

## II.

The defendants have filed a joint motion to dismiss the Complaint under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim upon which relief can be granted.[1] Motions under Rule 12(b)(1) fall into two general categories: facial attacks and factual attacks. *See United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). When the motion presents a facial attack, the Court accepts the material allegations in the Complaint as true and construes them in the light most favorable to

---

[1] Alternatively, the defendants seek summary judgment under Rule 56 of the Federal Rules of Civil Procedure. However, the Court need not refer to matters outside the pleadings. Therefore, consideration of summary judgment is unnecessary.

the plaintiff, similar to the standard under Rule 12(b)(6). *Id.* On a factual attack, the Complaint's allegations are not afforded a presumption of truthfulness and the Court is free to weigh evidence. *Id.* The defendants' challenge appears to be limited to a facial attack for purposes of this motion.

The Court may dismiss a complaint for failure to state a claim upon which relief can be granted under Rule 12(b)(6). This rule tests the sufficiency of the complaint rather than resolve the merits of the case. *See Ohio v. United States*, 849 F.3d 313, 318 (6th Cir. 2017). To withstand a motion to dismiss under Rule 12(b)(6), a complaint must state facts sufficient "to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In addressing a motion to dismiss, the Court may consider "exhibits attached to the complaint, public records, items appearing in the record of the case, and exhibits attached to the defendant's motion to dismiss, so long as they are referred to in the complaint and are central to the claims therein, without converting the motion to one for summary judgment." *Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016).

### III.

The United States permits only limited and defined waivers of its sovereign immunity. One such waiver exists in the Quiet Title Act which provides that "[t]he United States may be named as a party defendant in a civil action under this section to adjudicate a disputed title to real property in which the United States claims an interest, other than a security interest or water rights." 28 U.S.C. § 2409a(a). The Act is intended to "settle actual disputes about who owns what land. It is not a statute which permits a court to reform deeds." *United States v. Skorepa*, 2005 WL 3634605, at *6 (N.D. Ohio 2005).

The Sixth Circuit addressed the scope of the Quiet Title Act in *Saylor v. United States*, 315 F.3d 664 (6th Cir. 2003). The plaintiffs in *Saylor* filed suit seeking to quiet title to a tract of land the United States had acquired through a condemnation action in 1973. But the court determined that "the plain text of the Act clearly limits its scope to adjudications in which the title or ownership of real property is in doubt." *Id.* at 670. Because the United States indisputably held title to the land, the Act did not apply to the plaintiff's claims.

More recently, in *Fuqua v. United States*, the plaintiff filed suit under the Quiet Title Act to challenge the scope of an avigation easement on property that the government had taken in condemnation proceedings. 2010 WL 1883468 (W.D. Ky. May 11, 2010). The United States correctly noted that the title it acquired through condemnation proceedings was "good against the world" and could not be challenged under the Quiet Title Act. *Id.* at *3. Instead of actually challenging whether the United States held title, the plaintiff sought to reform the deed, which was impermissible under the Sixth Circuit's interpretation of the Act in *Saylor*. *Id.*

This Court is bound by *Saylor* unless and until there is an *en banc* Sixth Circuit decision to the contrary or a Supreme Court ruling to the contrary. Worick contends that *Saylor* was abrogated by the recent Supreme Court decision in *Wilkins v. United States*, 598 U.S.--, 143 S. Ct. 870 (2023). While *Wilkins* involved a dispute regarding the scope of an easement, the sole issue presented for consideration in *Wilkins* was whether the Quiet Title Act's 12-year time limit for bringing a claim is a jurisdictional bar or a nonjurisdictional claims-processing rule. Holding that it is the latter, the Court did not address the propriety of the plaintiff's action

regarding the scope of an easement.  Contrary to Worick's suggestion, the Supreme Court's silence on the topic of jurisdiction does not constitute an abrogation of *Saylor*.[2]

Like the plaintiff in *Fuqua*, Worick seeks to interpret the scope of an easement rather than determine who has title to property in which the United States claims in interest.  Thus, dismissal is appropriate.  The defendants have moved for dismissal under both Rule 12(b)(1) and 12(b)(6).  In their reply in further support of dismissal, the defendants contend for the first time that dismissal should be with prejudice.[3]  Generally, an order of dismissal under Rule 12(b)(1) is not a ruling on the merits and is entered without prejudice, whereas an order of dismissal under Rule 12(b)(6) is construed to be a ruling on the merits and is entered with prejudice.  *See Rogers v. Stratton Indus.,* 798 F.2d 913, 917 (6th Cir. 1986).

The Sixth Circuit has recognized that a plaintiff's burden of proving federal question jurisdiction is "not onerous."  *Bd. of Trustees of Painesville Twp. v. City of Painesville, Ohio*, 200 F.3d 396, 398 (6th Cir. 1999).  To survive a 12(b)(1) motion, the plaintiff need only show that the complaint alleges a claim under federal law and that the claim is substantial.  A claim is "substantial" if there is any arguable basis in law to it, i.e., prior decisions have not rendered the claim frivolous.  *Id.*

---

[2]  Federal courts are always "under an independent obligation to examine their own jurisdiction." *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 213 (1990).  But suing under a federal statute incorrectly would not necessarily deprive a federal court of subject matter jurisdiction.  *See Shapiro v. McManus*, 577 U.S. 39, 45 (2015) (observing that the Supreme Court has long distinguished between failing to raise a substantial federal question for jurisdictional purposes and failing to state a claim for relief on the merits—only "wholly insubstantial and frivolous claims implicate the former.").

[3]  The defendants' proposed order merely requests dismissal and does not specific whether it should be with prejudice or without.

This case does not satisfy the low bar of Rule 12(b)(1). There is controlling Sixth Circuit authority that forecloses the plaintiff's claims under the Quiet Title Act. And the plaintiff's assertion that the Supreme Court abrogated *Saylor* by implication is not persuasive. Accordingly, it is hereby

**ORDERED** as follows:

1. The defendants' motion to dismiss [Record No. 8] is **GRANTED**.

2. This matter is **DISMISSED**, without prejudice, and **STRICKEN** from the docket.

Dated: June 8, 2023.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky